William Deckelman, J.
From the papers submitted it appears that on or about December 21, 1964 in a petition to the St. Lawrence County Family Court, Edward F. Gary was charged with stealing cars and damaging two of them, and on the same date Lawrence S. Sellers in the same court was charged with stealing cars and damaging two of them. Both of the relators were 15 years of age. On January 18, 1965 Gary was adjudged a juvenile delinquent by the said court and placed on probation. On February 5, 1965 Sellers was adjudged a juvenile delinquent and placed on probation. On May 28 both relators violated their probation by again .stealing cars. On June 28, 1965 the Family Court Judge committed both boys to the Elmira Reception Center for classification, program planning and transfer on a charge of violating their parole. At the time of violating parole Gary was of the age of 16 years and 4 days and Sellers was 15 years of age. At the time of commitment both were 16 years of age.
The issue here is whether or not Family Court properly committed these boys on June 28, 1965, when they were brought in not for the crime of stealing cars but solely for violation of their probation, January, 1965, in the case of Gary and February, 1965, in the case of .Sellers.
Section 61 of the Correction Law provides that any male person between the ages of 16 and 21 years adjudicated a juvenile delinquent or convicted of any offense or of a misdemeanor, or of a felony (except mentally defectives), shall, notwithstanding any inconsistent provision of law, be committed to the department reception center for classification, etc. The next sentence then provides: ‘1 The reception center shall also receive any male person adjudicated a juvenile delinquent, who is fifteen years of age at the time of the commission of any act which, if committed by an adult, would be ” assault in the first *709 degree, burglary in the first degree, manslaughter in the first degree, rape in the first degree, robbery in the first degree, sodomy in the first degree, or any crime which would be punishable by death or life imprisonment. Since the relators did not commit any of the above-listed crimes, they do not come within the above exception as to persons under 16 years of age.
Section 779 of the Family Court Act provides that if a respondent is brought into court for violation of a reasonable order of probation and the court is satisfied by competent proof that the charge is true, the court may revoke the order of probation and proceed to make any order that might have been made at the time the order of probation was entered.
In my opinion these relators were not properly sent to the Elmira Reception Center. (See 1946 Atty. Gen. 195, the headnote of which reads: “ A boy sixteen years of age or over who violates the terms of probation imposed upon him by a Children’s Court while he was under sixteen years of age, should not be committed to the Reception Center at Elmira, New York.” See, also, People ex rel. Wilson v. Additon, 40 N. Y. S. 2d 669 [Supreme Ct., Westchester County].)
In my opinion the formal opinion of the Attorney-General in 1946 is squarely in point both as to facts and the present law; that the above case cited is in point and is binding and that these boys were improperly committed and should be remanded to the St. Lawrence County Family Court for further action in connection with violation of their probation.